# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANIEL I MAYA REYES,

    Plaintiff,

v.

WELLS FARGO BANK, NA, *et al.*,

    Defendants.

Case No. 2:12-CV-00585-KJD-CWH

**ORDER**

    Before the Court is the Motion to Dismiss (#5) of Defendants Wells Fargo Bank, Western Progressive, and Mortgage Electronic Registration Systems (collectively "Defendants"). Plaintiff has filed an opposition (#8) and Defendant has filed a reply (#12).

    Plaintiff's reply was filed nine days late. Plaintiff filed a Motion for Leave to File Out of Time Opposition (#9). Defendants responded to this motion (#10). Because Defendant has failed to show any prejudice as a result of the delay, the Motion for Leave to File is granted.

I. Background

In January 2007, Plaintiff received a $200,000 loan from Community Lending, Inc. to finance the purchase of real property at 5969 Alcott Ave. Las Vegas, Nevada (the "Property"). Plaintiff gave Community Lending a Deed of Trust, which was recorded in the Clark County Recorder's Office on February 10, 2007. Lawyer's Title of Nevada, Inc. was named as Trustee.

Plaintiff failed to pay his mortgage and in June, 2010, Defendant Western Progressive, acting as agent for the Trustee, provided Plaintiff with a Notice of Breach and Default and Election to Sell. Plaintiff failed to cure the deficiency and a Notice of Trustee's Sale was recorded on March 7, 2011. The Property was sold to Defendant Wells Fargo on March 7, 2011 and a Trustee's Deed Upon Sale was recorded on March 10, 2011.

Plaintiff filed this action asserting claims for violation of NRS § 598D.100, unfair lending practices, unjust enrichment, wrongful foreclosure, breach of the implied covenant of good faith and fair dealing, violations of NRS § 649, and several other equitable claims.

II. Discussion

A. Legal Standard for Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation omitted).

2

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570.

B. Uncontested Claims

Local Rule 7-2 provides that failure to provide points and authorities in opposition to a motion constitutes consent to granting that motion. Defendants have moved for dismissal of all of Plaintiff's claims and provided argument and authority supporting their positions. In response, Plaintiff's opposition only addresses "the one pivotal issue in this case: Whether Defendant Western Progressive, LLC was required to be licensed as a Collection Agency under NRS § 649.075(1)." Accordingly, Plaintiff has consented to granting of the Motion to Dismiss as to all other claims. Specifically, the Motion is granted as to Plaintiff's causes of action for violation NRS § 598D.100, unfair lending practices, unjust enrichment, wrongful foreclosure, breach of the implied covenant of good faith and fair dealing, injunctive relief, declaratory relief, quiet title, rescission, and slander of title.

//
//
//

...

C. NRS § 649

Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*; NRS § 649.370. Courts of this district have consistently held that non-judicial foreclosures are not an attempt to collect a debt under the FDCPA and similar statutes. Kenneweg v. IndyMac Bank, FSB, 2011 WL 13853, *2 (D.Nev. 2011) (holding NRS § 649 and FDCPA inapplicable where defendants are not debt collectors as defined in the statute); see also Conley v. Bank of America N.A., 2011 WL 3444196, *4 (D.Nev. 2011). Additionally courts in this district have held that , "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'" Camacho–Villa v. Great W. Home Loans, 2011 WL 1103681, at *4 (D.Nev.2011) (quoting Croce v. Trinity Mortg. Assurance Corp., 2009 WL 3172119, at *2 (D.Nev.2009))

Despite the fact that no Nevada court has ever held that a loan servicer is a debt collector under FDCPA or NRS § 649, Plaintiff argues that Defendant Western Progressive was "attempting to collect a debt" for purposes of the statute when it recorded the Notice of Default and the Notice of Trustee's Sale. As support for his interpretation of NRS § 649, Plaintiff offers a Cease and Desist Order issued by the Nevada Department of Business and Industry Financial Institutions Division against another loan servicer, opining that it was required to be a licensed collection agency. The statement by the Department of Business and Industry interprets a version of the statute that was not in effect at the time of the foreclosure, is directed toward non-parties to this action, and is in no way binding on this Court. Plaintiff's claim is not supported by authority and is not plausible. Accordingly, it is dismissed.

III. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Out of Time Opposition (#9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss (#5) is **GRANTED** and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff may file a motion seeking leave to file an amended complaint, including a proposed amended complaint on or before Nov. 12, 2012. Plaintiff will not be permitted to amend his complaint to state claims based on legal theories rejected by the Court in this Order.

DATED this 29th day of October 2012.

_____
Kent J. Dawson
United States District Judge